UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ALDONA E. SKARZYNSKA, DARIUSZ,
SKARZYNSKI, ANNA SKARZYNSKA,
and KATARINA SKARZYNSKI

                      Plaintiffs,

                    -against-

NEW YORK BUSINESS DEVELOPMENT
CORPORATION, BANK OF AMERICA,
N.A., and EMPIRE STATE CERTIFIED
DEVELOPMENT CORPORATION d/b/a
EMPIRE STATE CERTIFIED DEVELOPMENT
CORPORATION: THE 504 COMPANY

                    Defendants.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
15-CV-00140 (DLI)(VMS)

**DORA L. IRIZARRY, Chief United States District Judge:**

On December 16, 2014, Plaintiffs Aldona E. Skarzynska, Dariusz Skarzynski, Anna Skarzynska, and Katarina Skarzynski (collectively, "Plaintiffs"), proceeding *pro se*,[1] initiated the present action against New York Business Development Corporation ("NYBDC"), Bank of America, N.A., ("BOA"), and Empire State Certified Development Corporation d/b/a Empire State Certified Development Corporation: The 504 Company ("ESCDC") (collectively, "Defendants") by filing a Verified Complaint in the New York State Supreme Court. *See* Ver. Compl. ("Ver. Compl."), Dkt. Entry No. 1-2. Plaintiffs seek damages under New York State law for: (1) violations of N.Y. GEN. BUS. LAW § 349; (2) breach of the implied covenant of good faith and fair dealing; (3) unjust enrichment; and (4) fraud. *Id*. at ¶¶ 37-55. On January 12, 2015, BOA filed a Notice of

---

[1] The Court is mindful of the fact that *pro se* submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). Thus, the Court interprets the Verified Complaint "to raise the strongest arguments that [it] *suggest[s]*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal citations and quotation marks omitted) (emphasis in original).

Removal invoking this Court's jurisdiction under the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of Title 28 of the United States Code). *See* Notice of Removal ("Not. of Removal"), Dkt. Entry No. 1.

BOA filed its motion to dismiss the Verified Complaint for failure to state a claim on January 20, 2015. *See* Mem. of Law in Supp. of Def. BOA's Mot. to Dism. Pursuant to FRCP 12(b)(6) ("BOA Mot."), Dkt. Entry No. 11-8. In its motion, BOA asserts that this action is barred by *res judicata*, that the claims are violative of the statute of frauds, and that Plaintiffs have failed to plead any claim sufficiently. *Id*. NYBDC and ESCDC also filed a motion to dismiss the Verified Complaint on February 2, 2015. *See* Defs. NYBDC & ESCDC's Mem. of Law in Supp. of Mot. to Dism. & Joinder in BOA Mot. ("NYBDC Mot."), Dkt. Entry No. 14-19. NYBDC and ESCDC joined BOA's motion, but also argued that dismissal is appropriate because Plaintiffs waived any claims in their signed guarantees. *Id*. Plaintiffs opposed the motions on March 4, 2015, denying that they attempted to relitigate a previous action, and otherwise reasserting allegations from the Verified Complaint. *See* Aff. of Pls. in Opp. to Mots. to Dism. by Defs. ESCDC & BOA ("Pls.' Opp."), Dkt. No. 17. All Defendants filed their replies on March 20, 2015. *See* Reply of NYBDC & ESCDC to Pls.' Opp. ("NYBDC Reply"), Dkt. Entry No. 23; Reply of Def. BOA in Further Supp. of Mot. to Dism. Compl. & Joinder in Codefs.' Mot. to Dism. ("BOA Reply"), Dkt. Entry No. 24.

For the reasons set forth below, the claims against BOA and NYBDC are dismissed, with prejudice, for lack of subject matter jurisdiction. The claims against ESCDC are dismissed for failure to state a claim, but Plaintiffs are granted leave to file an Amended Complaint on the sole claim of common law fraud against ESCDC, in accord with this Memorandum and Order.

## BACKGROUND

The facts outlined herein, taken from the Verified Complaint, are assumed true for the purposes of this motion. The Court also takes judicial notice of court documents relating to the prior foreclosure action in New York State Supreme Court, Queens County: *New York Business Dev. Corp. v. AFP Holding, Inc.* (Index No. 702642/2012) (the "Foreclosure Action"). *See Konrad v. Epley*, No. 12-CV-4021 (JFB) (ETB), 2013 WL 6200009, at *8 n.5 (E.D.N.Y. Nov. 25, 2013), *aff'd* 586 F. App'x 72 (2d Cir. 2014) ("Court records and other public records are facts of which a court may properly take judicial notice pursuant to Rule 201.") (internal citation omitted).

On May 7, 2010, NYBDC lent $1,500,000 to a company known as AFP Holding, Inc. ("AFP") (the "NYBDC Loan"). Ver. Compl., at ¶ 20. That same day, BOA lent AFP another $1,616,000 (the "BOA Loan"). *Id.* at ¶ 21. Both loans were evidenced by notes and were secured by mortgages given by AFP against a parcel of commercial real estate located in Queens County, New York (the "Property"). *New York Business Dev. Corp. v. AFP Holding, Inc.* (Index No. 702642/2012), NYSCEF No. 81 ("NYS Sum. J. Order"), at 1-2. Plaintiff Aldona Skarynska is the President of AFP. *Id.* at 2. She and the other Plaintiffs personally guaranteed the NYBDC and BOA loans. Ver. Compl., at ¶ 22.

According to the Verified Complaint, ESCDC also lent to an unidentified party $2,000,000 "alongside" the loans issued by NYBDC and BOA (the "ESCDC Loan"). *Id.* at ¶ 23. The pleading does not identify the party or parties to whom ESCDC issued those funds, nor does it precisely state when loan was issued. *See generally, Id.* Similarly, the Verified Complaint does not provide any indication as to whether the ESCDC Loan was secured by a mortgage or whether Plaintiffs were guarantors or the original obligors. *See generally, Id.* NYBDC's motion explains that ESCDC lent the money to AFP and that Plaintiffs guaranteed that loan as well. NYBDC Mot. at 2, 5. The

3

ESCDC Mortgage and Security Agreement attached to NYBDC's motion, confirms that: (1) ESCDC lent $2,000,000 to AFP; (2) Plaintiffs guaranteed the loan; and (3) that loan was secured by a second priority mortgage on the Property. ESCDC Loan Agreement ("ESCDC Agm't"), Dkt. Entry No. 14-8, at 1, 4; *see also* Plaintiffs' Guarantees ("Pls.' Guars."), Dkt. Entry Nos. 14-9, 14-10, 14-11, 14-12.[2] Accordingly, although the Verified Complaint is unclear on the issue, the Court presumes that ESCDC lent $2,000,000 to AFP, Plaintiffs guaranteed that loan, and the loan was secured by a second priority mortgage.

Significantly, over two years before Plaintiffs filed the present action, on October 26, 2012, NYBDC and BOA initiated the Foreclosure Action against Plaintiffs in New York State Supreme Court (Queens County). NYS Sum. J. Order at 1-2. In that proceeding, the state court rejected all of AFP's affirmative defenses and entered summary judgment in favor of NYBDC and BOA. *Id*. at 8-9. In a written decision dated April 14, 2014, the state court determined that NYBDC and BOA had "demonstrated [their] *prima facie* entitlement to judgment as a matter of law by submitting the mortgages, the unpaid notes, the guarantees and evidence of defendants' default." *Id*. at 6 (internal citations omitted).

Eight months after the summary judgment decision, on December 14, 2014, Plaintiffs commenced a class action proceeding in state court under N.Y. C.P.L.R. 901 on behalf of themselves and a putative class. Ver. Compl., at ¶¶ 29-36. They define the class as "[a]ll persons who have been provided with SBA backed loans from [ESCDC], along with private loans at above market interest rates secured by first-priority liens from NYBDC, NYBDC's shareholder BOA,

---

[2] Although these documents are not attached to the Verified Complaint, they are integral to it and, therefore, are proper to consider at this juncture. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that the Court may consider documents outside a complaint when deciding a motion to dismiss under Rule 12(b)(6) if the complaint "relies heavily upon [the documents'] terms and effect") (internal citations and quotation marks omitted); *Alsaifullah v. Furco*, No. 12-CV-2907 (ER), 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (internal citations and quotation marks omitted) (explaining that materials outside the complaint may be considered "to the extent that they are consistent" with plaintiff's allegations).

4

and NYBDC's other shareholders." *Id*. at ¶ 29. The Verified Complaint identifies four causes of action: (1) violations of N.Y. GEN. BUS. LAW § 349 (deceptive acts and practices); (2) breach of the implied covenant of good faith and fair dealing; (3) unjust enrichment; and (4) fraud. Ver. Compl., at ¶¶ 37-55. The core of the allegations is that Defendants misled Plaintiffs into believing that Defendants would provide loans at a "below market" interest rate of 4%. *Id*. at ¶ 25. In reality, the interest rates on these loans ranged from 5.25% to 7.5%. *Id*. at ¶¶ 20-21, 23, 25-26.

Notably, Plaintiffs do not mention the Foreclosure Action and do not explicitly seek to overturn the state court's decision. *See generally, Id*. Rather, they seek damages in an amount to be determined at trial (as well as punitive damages). *Id*. at p. 9.

Defendants removed the action to this Court on January 12, 2015. *See* Not. of Removal. There is no federal question jurisdiction under 28 U.S.C. § 1331, since Plaintiffs allege only state law claims. Similarly, there is no diversity jurisdiction pursuant to 28 U.S.C. § 1332, because the parties are not completely diverse. The sole basis for the Court's jurisdiction is CAFA, the jurisdictional requirements of which are satisfied.[3] By letter filed on January 22, 2015, Plaintiffs stated they did not oppose the removal. Jan. 16, 2015 Ltr. from Pls. ("Jan. 2015 Ltr."), Dkt. Entry No. 13.

## DISCUSSION

### I. LEGAL STANDARD

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms.,*

---

[3] A federal court has jurisdiction over a matter when it is: (1) a class action filed under Federal Rule of Civil Procedure 23 or an equivalent state rule or statute "authorizing an action to be brought by [one] or more representative persons as a class action;" (2) with an amount in controversy "exceed[ing] the sum or value of $5,000,000, exclusive of interest and costs;" and (3) concerns parties who are minimally diverse. 28 U.S.C. §§ 1332(d)(1)-(2).

5

*Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), overruled in part on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). In general, *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read a *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *See Erickson*, 551 U.S. at 89; *Huges v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Petitioner v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Under Rule 12(b)(6), a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## II. THE *ROOKER-FELDMAN* DOCTRINE

### a. *The Court Lacks Jurisdiction Over the Claims Against BOA and NYBDC*

"Federal courts are courts of limited jurisdiction whose power is limited strictly by Article III of the Constitution and congressional statute." *United Food & Commercial Workers Union, Local 919 AFL-CIO v. CenterMark Props. Merdien Square, Inc.*, 30 F.3d 298, 303 (2d Cir. 1994) (internal citation omitted). For that reason, parties "cannot waive subject matter jurisdiction by

express consent, conduct, or estoppel because they fail to challenge jurisdiction early in the proceedings." *Id*. (internal citations and quotation marks omitted). If the parties fail to raise this issue, the Court may do so *sua sponte*. FED. R. CIV. P. 12(h)(3); *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62-63 (2d Cir. 2009) (internal citation omitted). This is so because the Court has "an independent obligation to ensure that [it] do[es] not exceed the scope of [its] jurisdiction, and therefore [it] must raise and decide jurisdictional questions that the parties either overlook or elect nor to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (internal citations omitted). When the Court lacks subject matter jurisdiction, it must dismiss the action. FED. R. CIV. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The Court lacks subject matter jurisdiction in this case over NYBDC and BOA based on the *Rooker-Feldman* Doctrine. *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

"Underlying the *Rooker-Feldman* [D]octrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (internal citations and quotation marks omitted). This doctrine ensures that federal courts "give a state-court judgment the same preclusive effect as would be given that judgment under the law of the [s]tate in which the judgment was rendered." *O'Connor v. Pierson*, 568 F.3d 64, 69 (2d Cir. 2009) (internal citations and quotation marks omitted). In order for the *Rooker-Feldman* Doctrine to apply, four requirements must be satisfied: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014)

7

(internal citations and quotation marks omitted). Notably, "courts within this Circuit routinely hold that a federal court action seeking to overturn a state court judgment of foreclosure or eviction is barred by the *Rooker-Feldman* doctrine." *Rossman v. Stelzel*, No. 11-CV-4293 (JS) (ETB), 2011 WL 4916898, at *4 (E.D.N.Y. Oct. 13, 2011) (collecting cases).

The procedural elements of the *Rooker-Feldman* Doctrine—that is, first and fourth prongs—are clearly met as to NYBDC and BOA. The state court granted summary judgment in favor of NYBDC and BOA, foreclosing on the NYBDC and BOA Mortgages complained of here, by decision dated April 14, 2014, almost two years before Plaintiffs filed the instant action.[4] NYS Sum. J. Order. As to the substantive elements, while Plaintiffs do not specifically mention the Foreclosure Action in the Verified Complaint or opposition papers, the Court finds that this action meets the second and third prongs as well.

Despite the fact that Plaintiffs avoid referencing the state court's decision in their Verified Complaint, the context and statements made therein expose the present action as nothing more than an attempt to stymie the impact of the state court's decision. In the Verified Complaint, Plaintiffs complain that NYBDC and BOA "solicit[ed] and provide[d] . . . loans . . . without regard to" borrowers' abilities to repay them. Ver. Compl., at ¶ 8. Plaintiffs further cite both of the NYBDC and BOA mortgages, specifically. *Id*. at ¶¶ 20-21. With respect to damages, Plaintiffs allege that they "suffer[ed] actual pecuniary harm consisting of unconscionable liability for the repayment of loans which they had no prospect of repaying and loss of Plaintiffs' approximately

---

[4] The U.S. Small Business Administration ("SBA"), the owner of the ESCDC Mortgage, was a defendant in the Foreclosure Action. NYS Sum. J. Order. However, the ESCDC Mortgage was subordinate to the BOA and NYBDC Mortgages, and was not substantively at issue. *New York Business Dev. Corp. v. AFP Holding, Inc.* (Index No. 702642/2012), NYSCEF No. 1 ("NYS Compl."), at ¶ 38; Ver. Compl., at ¶¶ 8, 17, 23-24. The United States Attorney's Office appeared on behalf of the SBA in the Foreclosure Action and filed a Notice of Appearance and Waiver, reserving the right to pursue any surplus money after the sale of the subject property. *New York Business Dev. Corp. v. AFP Holding, Inc.* (Index No. 702642/2012), NYSCEF No. 30 ("NYS Affs. of Serv. & Nots. of App."), at 19-21. The state court did not rule on the legitimacy or enforceability of the ESCDC Mortgage as it did regarding the NYBDC and BOA Mortgages.

8

$2,000,000.00 life savings which was invested in *the property secured* by the loans from Defendants." *Id*. at ¶ 40 (emphasis added); *see also Id.* at ¶¶ 47, 50-51, 55. The property securing these loans is the same property that was the subject of the Foreclosure Action. *Compare* Ver. Compl., at ¶ 24, *with* NYS Sum. J. Order at 1 (both identify 54-14 74th Street, Queens, New York as the subject property). Similarly, in their opposition papers, Plaintiffs emphasize that the core of their claims is that they were "lured . . . into applying" for loans, despite the fact that "they had no hope of repaying" them. Pls.' Opp. at ¶ 3; *see generally, Id*. at ¶¶ 9-10, 13, 17, 20, 22-25.

In context, Plaintiffs' claims are nothing more than thinly veiled attempts to conceal their true purpose: secure some type of payment and mitigate the impact of the state court's decision. This is evidenced further by the fact that a general theme in both the Verified Complaint and the opposition papers was that the interest rates and associated payments were not as Plaintiffs' anticipated. Indeed, that Plaintiffs did not complain about these "injuries" until after they lost the summary judgment motion in the Foreclosure Action is particularly telling. Allegedly high interest rates charged in the mortgage terms and the inability to pay them go to the heart of the state court judgment. *See Webster v. Penzetta*, 458 F. App'x 23, 25 (2d Cir. 2012) (finding that the complaint "effectively sought federal court review of a previous state court judgment of foreclosure."); *Swiatkowski v. New York*, 160 F. App'x 30, 31 (2d Cir. 2005) (explaining that the complaint "essentially amounts to an objection to the disposition of the foreclosure action" in the state trial court).

Finally, this action meets the third element because any adjudication of the four state law claims necessarily would invite the Court to opine on the enforceability of the underlying mortgages. Under New York State law, in order to foreclose on a mortgage, a mortgagee must establish: "(1) the proof of the existence of an obligation secured by a mortgage; (2) a default on

9

that obligation by the debtor; and (3) a notice to the debtor of that default." *United States v. Paugh*, 332 F. Supp.2d 679, 680 (S.D.N.Y. 2004) (internal citations omitted). The mortgage, of course, must be valid and enforceable. *Credit-Based Asset & Securitization LLC v. Castelli*, 275 A.D.2d 542, 543 (3d Dep't 2000) (internal citations omitted); *Trustco Bank, Nat'l Ass'n v. Cannon Bldg. of Troy Assocs.*, 246 A.D.2d 797, 799 (3d Dep't 1998). Since the state court granted summary judgment, it follows that the court necessarily determined that the NYBDC and BOA mortgages were valid. *See* NYS Sum. J. Order at 6-7 (finding that NYBDC and BOA established *prima facie* entitlement to summary judgment). Yet, in order for Plaintiffs to prevail on their instant claims, the Court would have to find there were no agreements or that they were not enforceable. *See Hamlet at Willow Creek Dev. Co., LLC v. Northeast Land Dev. Corp.*, 64 A.D.3d 85, 102 (2d Dep't 2009) (internal citations omitted); *Aurora Loan Servs., LLC v. Thomas*, 53 A.D.3d 561 (2d Dep't 2008). Such determinations would contradict the state court findings and mean that "the foreclosure judgment was issued in error." *Vossbrinck*, 773 F.3d at 427.

Plaintiffs effectively seek an appeal of the state court's decision as to their claims against NYBDC and BOA. As such, the Court lacks subject matter jurisdiction over those claims. *See Webster v. Wells Fargo Bank, N.A.*, No. 08-CV-10145 (LAP), 2009 WL 5178654, at *6 (S.D.N.Y. Dec. 23, 2009) ("This Court does not have jurisdiction either to overturn the New York Supreme Court's decision or to compensate Plaintiffs for [Defendants'] foreclosure pursuant thereto."); *Swiatkowski v. Citibank*, 446 F. App'x 360, 361 (2d Cir. 2011) (finding that *Rooker-Feldman* Doctrine applied because "a decision in [plaintiff's] favor would effectively amount to declaring the state court judgment fraudulently procured and thus void.") (internal citations and quotation marks omitted).

Accordingly, the claims against NYBDC and BOA are dismissed.

## III. *RES JUDICATA*

### a. *The Claims Against BOA and NYBDC Are Barred by Res Judicata*

Generally, the doctrine of *res judicata* serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (internal citations omitted). As with the *Rooker-Feldman* Doctrine, when a federal court applies *res judicata* to state court proceedings, it "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the [s]tate in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) (internal citations omitted); *see also* 28 U.S.C. § 1738. Here, even if the Court determined that the *Rooker-Feldman* Doctrine does not apply and that it properly has subject matter jurisdiction over Plaintiffs' claims against NYBDC and BOA, those claims still would be dismissed as *res judicata* under New York State law.

For *res judicata* to apply under New York law, "(1) there must be a final judgment; (2) the judgment must have been on the merits; (3) the parties in the second action must be the same as those in the first; and (4) the claims must be the same in first and second actions." *Sedacca v. Mangano*, No. 12-CV-1921 (DRH) (AKT), 2014 WL 1392224, at *3 (E.D.N.Y. Apr. 9, 2014) (internal citations and quotation marks omitted). However, New York takes a broad "transactional approach" to that analysis. *McKithen v. Brown*, 481 F.3d 89, 104 (2d Cir. 2007) (internal citations and quotation marks omitted). Consequently, as to the final element, "two claims are considered to be the 'same' if the second claim arises from the same transaction or series of transactions as the first claim—even if the subsequent claim is based upon a different legal theory or seeks a different remedy." *Mangano*, 2014 WL 1392224, at *3 (internal citations and quotation marks omitted); *see also Giannone v. York Tape & Label, Inc.*, 548 F.3d 191, 194 (2d Cir. 2008) (explaining that, under the New York approach, "once a claim is brought to a final conclusion, all

11

other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.") (quoting *In re Derek Josey*, 9 N.Y.3d 386, 389-90 (2007)).

All requirements are satisfied for *res judicata* in this case. As to the first two elements, "summary judgment constitutes a final judgment on the merits for the purposes of *res judicata*." *Hwang v. Dunkin' Donuts, Inc.*, 840 F. Supp. 193, 197 (N.D.N.Y. 1994), *aff'd* 28 F.3d 103 (2d Cir. 1994) (internal citations and quotation marks omitted); *see also Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp.2d 413, 421 (S.D.N.Y. 2008) (internal citations omitted). The third prong of New York's test similarly is satisfied: Plaintiffs, along with Defendants NYBDC and BOA, are parties in both proceedings. *Compare* NYS Compl., *with* Ver. Compl. As for the last prong, both proceedings unambiguously arise out of the same transactions: all four claims levied against NYBDC and BOA in this action concern the very mortgages that were the subject of the Foreclosure Action. *See Weston v. First Union Nat'l Bank*, No. 99-CV-7116, 1999 WL 1070056, at *2 (2d Cir. Nov. 18, 1999) (explaining that claims which arose "from the same factual grouping that formed the basis of the state court" proceedings were barred by *res judicata*); *Hourani v. Wells Fargo Bank, N.A.*, 158 F. Supp.3d 142, 147-48 (E.D.N.Y. Feb. 1, 2016) (finding all claims barred by *res judicata* because the claims "were questions at issue in the Foreclosure Action or matters that [the plaintiff] raised or might have raised" in that proceeding); *Yeiser*, 535 F. Supp.2d at 422.

Consequently, the claims against NYBDC and BOA are barred by *res judicata*.[5]

---

[5] ESCDC offers only conclusory, general statements to support its alleged entitlement to dismissal based on *res judicata*. *See* NYBDC Mot. at 6-8. While the Court agrees that any claims against NYBDC would be barred by *res judicata*, there is no evidence showing how ESCDC—identified as an "affiliate" by a single man serving as Senior Vice President of both entities—is a privy of NYBDC such that it might be deemed to have been a "party" in the Foreclosure Action. *See* Aff. of Michael Zihal in Supp. of NYBDC Mot. ("Zihal Aff."), Dkt. Entry No. 14-1, at ¶¶ 1-2. Without such proof, the Court must reject ESCDC's claim of *res judicata*. *See also* fn. 4, *supra*.

## IV. FAILURE TO STATE A CLAIM[6]

### a. *Plaintiffs Fail to State any Claim Against ESCDC*

#### i. <u>Claim One: Violation of General Business Law § 349</u>

According to the New York State Court of Appeals, "the three-year period of limitations for statutory causes of action under C.P.L.R. 214(2) applies to" claims under N.Y. GEN. BUS. LAW § 349. *Gaidon v. Guardian Life Ins. Co. of Am.*, 96 N.Y.2d 201, 210 (2001). The cause of action "accrues when [the] plaintiff becomes injured by the prohibited deceptive act or practice." *Parejas v. Gen. Elec. Capital Servs., Inc.*, No. 10-CV-3348 (DLI), 2011 WL 2635778, at *3 (E.D.N.Y. Jul. 5, 2011) (internal citations omitted). As presented by Plaintiffs, the injuries resulted from "a systemic 'bait and switch' practice" wherein they were promised loans "at below market interest rates," but contracted for mortgages "above market interest rates." Ver. Compl., at ¶ 8. Assuming, *arguendo*, that their claims accrued when the transaction closed and Plaintiffs suffered the "injury" of guaranteeing a higher-than-anticipated interest rate, the date of accrual was May 7, 2010. *Id.* at ¶¶ 20-23. However, this action was filed on December 16, 2014, more than four years later. Thus, this claim is time barred.

#### ii. <u>Claim Two: Breach of the Implied Covenant of Good Faith and Fair Dealing</u>

"Under New York law, a duty of good faith and fair dealing is implied in every contract." *Pastor v. Woodmere Fire Dist.*, No. 16-CV-892 (ADS) (ARL), 2016 WL 6603189, at *7-8 (E.D.N.Y. Nov. 7, 2016) (internal citations omitted). This duty and any associated breach thereof "necessarily arise[s] from an existing contract." *St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ind. Broking, Ltd.*, No. 91-CV-0748 (MJL), 1993 WL 187778, at *8 (S.D.N.Y. May 25, 1993). If

---

[6] Although § IV focuses on Plaintiffs' failure to state cognizable claims against ESCDC, the Court notes that the reasons for dismissing claims against ESCDC are additional, alternative grounds for dismissing the claims against NYBDC and BOA.

13

there is no contract, there can be no claim because "the implied covenant of good faith and fair dealing does not apply to any . . . pre-contract conduct on which the claim [is] based." *Indep. Order of Foresters v. Donald, Lufkin & Jenrette, Inc.*, 157 F.3d 933, 941 (2d Cir. 1998) (internal citation omitted); *see also Griffith-Fenton v. JPMorgan Chase/Chase Home Fin.*, No. 15-CV-4108 (VB), 2015 WL 10850340, at *8 n.6 (S.D.N.Y. Nov. 12, 2015) (internal citation omitted). All allegations of "bad faith" conduct attributed to ESCDC concern luring Plaintiffs into signing a contract. *See* Ver. Compl., at ¶¶ 8, 11-14, 18, 23-27, 45-46. Pre-contract negotiating cannot form the basis of a claim for breach of the implied covenant of good faith and fair dealing. Consequently, this claim is dismissed.

### iii. *Claim Three: Unjust Enrichment*

Plaintiffs' unjust enrichment claim also fails due to insufficiency of the pleading. In New York State, "the existence of a valid and enforceable contract governing a particular subject matter precludes recovery in quasi-contract on theories of *quantum meruit* and unjust enrichment for events arising out of the same subject matter." *Marc Contracting, Inc. v. 39 Winfield Assocs., LLC*, 63 A.D.3d 693, 695 (2d Dep't 2009) (collecting cases). Here, a written contract existed. *See* Ver. Compl., at ¶¶ 8, 22-23, 26-27; Pls.' Opp. at ¶¶ 13-16, 18-20; *see also, e.g.*, ESCDC Agm't; Pls.' Guars. As such, this cause of action cannot survive and is dismissed.

### iv. *Claim Four: Fraud*

Plaintiffs' final claim is for common law fraud. Ver. Compl., at ¶¶ 52-55. In order to state a claim, "a plaintiff must allege '(1) a material misrepresentation or omission of fact, (2) made with the knowledge of its falsity, (3) with an intent to defraud, and (4) reasonable reliance on the part of the plaintiff, (5) that causes damage to the plaintiff.'" *Haggerty v. Ciarelli & Dempsey*, 374 F. App'x 92, 94 (2d Cir. 2010) (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91,

14

98 (2d Cir. 1997)). In addition to those elements, "Rule 9(b) requires that allegations of fraud be pleaded with particularity." *Harsco Corp. v. Segui*, 91 F.3d 337, 347 (2d Cir. 1996). To meet this standard, Plaintiffs must: "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) were fraudulent." *Id*. (internal citations omitted). Failure to plead facts sufficient to meet the heightened standards of Rule 9(b) can result in dismissal, even under the more liberal reading of a *pro se*'s submission. *See Lichtenstein v. Reassure Am. Life Ins. Co.*, Nos. 07-CV-1653 (DLI) (LB), 07-CV-1680 (DLI) (LB), 2009 WL 792080, at *8 (E.D.N.Y. Mar. 23, 2009) (dismissing *pro se* claim of fraud).

Plaintiffs clearly indicate that the allegedly fraudulent statements concerned what interest rates they would receive. *See* Ver. Compl., at ¶¶ 8, 13, 16, 18, 23, 25-26. Beyond that, the Verified Complaint lacks any discussion of any other element beyond blanket, conclusory statements. *See Id*. at ¶¶ 23, 52-55. In addition to lacking any explanation about the common law claim's general elements, the Verified Complaint also is bereft of any information clarifying: (a) who made the representation; (b) when the statements were made; (c) where the statements were made; or (d) why the statements were fraudulent. *See generally, Id*. With these deficiencies, Plaintiffs fail to meet the requirements of Rule 8(a) or 9(b) and the cause of action is dismissed for failure to state a claim.[7]

---

[7] ESCDC also contends that any claims against it are barred by operation of Plaintiffs' signed, unconditional guarantees. NYBDC Mot. at 3-6. However, precedent does not support ESCDC's argument. The Second Circuit has explained that, "in order to be considered sufficiently specific to bar a defense to fraudulent inducement . . . a guarantee must contain explicit disclaimers of the particular representations that form the basis of" the fraud claim. *Mfrs. Hanover Tr. Co. v. Yanakas*, 7 F.3d 310, 316 (2d Cir. 1993) (internal citations omitted). The guarantees attached to ESCDC's motion papers do not contain that type of specific disclaimer. Rather, the guarantees state that the "Guarantor[s] may not use an oral statement to contradict or alter the written terms of the Note or this Guarantee, or to raise a defense to this Guarantee." Pls.' Guars. The fraud allegations do not challenge the terms of the document or defend against a claim, but rather, are an attack on ESCDC's conduct in securing the parties' signatures.

15

## V.  LEAVE TO FILE AN AMENDED COMPLAINT

"A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gardner v. McArdle*, 461 F. App'x 64, 66 (2d Cir. 2012) (quoting *Barnum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). Yet, where a complaint fails to "suggest[] that the plaintiff has a claim that [he or] she has inadequately or inartfully pleaded," the district court need not grant leave to amend. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Thus, the Court's task is to determine if it "can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Savs. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

Here, with respect to the claims against NYBDC and BOA, allowing Plaintiffs to re-plead those causes of action would be futile. No amount of re-pleading will change the fact that this Court must abstain for lack of subject matter jurisdiction. *See Cunningham v. Bank of N.Y. Mellon N.A.*, No. 14-CV-7040 (JS) (ARL), 2015 WL 4104839, at *4 (E.D.N.Y. Jul. 8, 2015). Similarly, with respect to the claims against ESCDC, the Court finds that it would be futile to allow Plaintiffs to re-plead their claims for violations of N.Y. Gen. Bus. Law § 349, breach of the implied covenant of good faith and fair dealing, or unjust enrichment, because the associated shortcomings are "substantive; better pleading will not cure it." *Cuoco*, 222 F.3d at 112 (internal citations omitted).

However, the Court cannot "rule out any possibility" that Plaintiffs might state a claim for fraud against ESCDC if given the opportunity to re-plead. The "possibility" of a valid claim, and the justification for allowing Plaintiffs to re-plead this single cause of action, exists only if three conditions are met in an amended pleading. First, Plaintiffs may not attempt to relitigate the Foreclosure Action in this lawsuit. Instead, they only may focus on the alleged acts giving rise to a claim for common law fraud in New York State. Second, Plaintiffs must file the Amended

16

Complaint no later than May 1, 2017, or the case will be dismissed with prejudice. Third, Plaintiffs' Amended Complaint must allege facts that permit this Court to retain jurisdiction over the common law fraud claim under CAFA.

## CONCLUSION

Those portions of the Verified Complaint asserting claims against BOA and NYBDC are dismissed in their entirety and with prejudice. Of the four claims against ESCDC, the claims for violations of N.Y. GEN. BUS. LAW § 349, breach of the implied covenant of good faith and fair dealing, and unjust enrichment are dismissed, with prejudice. However, Plaintiffs are granted leave to file an Amended Verified Complaint only as to the common law fraud claim against ESCDC. The Amended Complaint must be submitted to the Court **NO LATER THAN MAY 1, 2017**, be captioned "Amended Complaint," and bear the same docket number as this Memorandum and Order, 15-CV-507 (DLI).

For the convenience of *pro se* Plaintiffs, "Instructions on How to Amend a Complaint" are attached to this Memorandum and Order. Plaintiffs further are advised that the City Bar Justice Center operates a Federal Pro Se Legal Assistance Project within the Brooklyn Federal Courthouse. The Legal Assistance Project provides free information, advice, and limited-scope legal assistance to people proceeding without lawyers in the Eastern District. If Plaintiffs fail to file an Amended Verified Complaint **NO LATER THAN MAY 1, 2017** consistent with this Memorandum and Order, the case automatically will be dismissed, with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
  March 31, 2017

/s/
DORA L. IRIZARRY
Chief Judge